# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
JORDAN WENTWORTH and DAVID
WENTWORTH,

                              Plaintiffs,

             - against -

EILEEN HEDSON and WILLIAM HEDSON,

                              Defendants.
-----------------------------------------------------------X

**OPINION AND ORDER**

06-CV-3373 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs Jordan and David Wentworth (the "Wentworths") brought this action against their landlord Eileen Hedson and her husband William Hedson ("Hedson" or collectively the "Hedsons")[1] under the Fair Housing Act of 1968, 42 U.S.C. §§ 3604(c) and 3617, the Civil Rights Act of 1866, 42 U.S.C. § 1982, and the New York Executive Law § 296.[2] (Docket Entry 1 ¶¶ 44-53.) In response, Hedson brought counterclaims against the Wentworths for: (1) damages due to the purported breach of their lease; (2) damages due to their bringing a frivolous and retaliatory claim in response to a pending housing court proceeding; and (3) attorney's fees and costs under the Fair Housing Act and the terms of their lease. (Docket Entry 9 ¶¶ 58-76.) Previously, I denied the Hedsons' motion for summary judgment on the Wentworths' main claims and set the case down for trial. *See Wentworth v. Hedson*, 493 F. Supp. 2d 559 (E.D.N.Y.

---

[1] William Hedson has stated that he agrees to be substituted as to claims against Eileen Hedson, who passed away in late 2007. The parties are advised, however, that they are still required to make a motion on consent for substitution pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Said motion must be filed by January 18, 2008.

[2] The parties have consented to have me preside over this case for all purposes pursuant to 28 U.S.C. § 636(c)(1). (Docket Entry 7.)

2007). After the trial date had been adjourned two times, the Wentworths, in what they describe as a "humanitarian gesture" due to Mrs. Hedson's death, moved for a voluntary dismissal of their claims under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Docket Entry 25.)[3] Mr. Hedson opposes the Wentworths' motion.

Because Hedson has already answered the complaint, the Wentworths may no longer dismiss their suit as a matter of right. *See D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). Instead, voluntary dismissal under Rule 41(a)(2) rests with the sound discretion of this Court. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "The primary purpose of Rule 41(a)(2) is to protect the interests of the defendants." *Brown v. Brown*, 343 F. Supp. 2d 195, 199 (E.D.N.Y. 2004) (citing *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)). Therefore, under Rule 41(a)(2), the Wentworths' claim may be dismissed over Hedson's objection only if Hedson's counterclaims can remain pending for independent adjudication by the court. *See* FED. R. CIV. P. 41(a)(2).[4]

Quite simply, if the Wentworths' claims are dismissed, Hedson's counterclaims will not remain pending for independent adjudication by this Court. The Wentworths brought their suit under federal question jurisdiction. *See* 28 U.S.C. § 1331. Thus, for the Court to retain

---

[3] I construed the Wentworths' letter requesting a premotion conference as a formal motion. (Docket Entry dated January 7, 2008.)

[4] Rule 41(a)(2) was recently amended. *Compare* FED. R. CIV. P. 41(a)(2) (2007) ("[T]he action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.") *with* FED. R. CIV. P. 41(a)(2) (1991) ("[T]he action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication *by the court*.") (emphasis added). The Advisory Committee Notes make clear that this change is "intended to be stylistic only" and therefore does not affect any substantive analysis under the rule. FED. R. CIV. P. 41(a)(2) advisory committee note (2007).

jurisdiction absent the Wentworths' claims, Hedson must be able to raise his counterclaims under independent federal question jurisdiction. Hedson's breach-of-lease counterclaim arises under state law and therefore does not present an independent federal question. *See* 74 N.Y. JUR., LANDLORD AND TENANT § 117 (2d ed. 2007) (collecting and analyzing New York common-law cases addressing breach-of-lease claims against lessees). The Wentworths have made no showing that Hedsons' other two counterclaims create federal question jurisdiction such that Hedson could raise his breach-of-lease claim under the Court's supplemental jurisdiction.[5] Because dismissal of the Wentworths' claim would destroy the Court's subject matter jurisdiction over Hedson's counterclaims, the Court is precluded from dismissing the Wentworths' claim under Rule 41(a)(2). *See Eberhard Inv. Assocs., Inc. v. Santino*, 2004 WL 594728, *1-2 (S.D.N.Y. Mar. 25, 2004) (citing *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 354 (E.D.N.Y. 2002); 8 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 41.40(8)(a) (3d ed. 1997)) (holding that, absent an independent jurisdictional basis, a court may not dismiss a

---

[5] Hedson's retaliation counterclaim, which was pled under Rule 11 of the Federal Rules of Civil Procedure, does not create federal question jurisdiction, *see Port Drum Co. v. Umphrey*, 852 F.2d 148, 150-51 (5th Cir. 1988) (holding that, under the Enabling Act, Rule 11 creates no substantive rights and thus does not create federal question jurisdiction), even though the Court may nonetheless impose Rule 11 sanctions absent subject matter jurisdiction. *See Willy v. Coastal Corp.*, 503 U.S. 131 (1992) (holding that a court may properly impose sanctions even if it is later determined that the court lacked subject matter jurisdiction). Similarly, Hedson's attorney's fees claim does not appear to create federal question jurisdiction either under the terms of the lease or under the Fair Housing Act. As to the latter, attorney's fees is a post-judgment remedy that is dependent upon an active discrimination claim. *See* 42 U.S.C. § 3613(c)(2). On the statute's face, Hedson's attorney's fees claim does not create an independent substantive right and therefore does not create federal question jurisdiction.

plaintiff's claim under Rule 41(a)(2) if doing so would destroy subject matter jurisdiction over a defendant's counterclaims).[6]

Even were the Court to retain subject matter jurisdiction over Hedson's counterclaims absent the Wentworths' discrimination claims, discretion weighs toward denying the Wentworths' motion for voluntary dismissal. The relevant factors in determining whether a defendant will be unduly prejudiced by a Rule 41(a)(2) motion are: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Ibeto Petrochemical Indus. Ltd. v. M/T Beffen*, 475 F.3d 56, 61 (2d Cir. 2007) (quoting *Zagano*, 900 F.2d at 14 (2d Cir. 1990)) (internal quotation marks omitted). The Wentworths filed their complaint in July 2006, and litigation has been pending for one and one-half years, with jury selection and trial having been adjourned twice. Hedson has expended much time and resources into the impending trial, which is scheduled for February 2008. Dismissal of the Wentworths' claims would require Hedson to re-file his claims in New York state court, causing him additional delay and expense. While the Wentworths argue that Eileen Hedson's death is reason for their Rule 41(a)(2) motion, William Hedson remains available and willing to go forward with the case, including his counterclaims.

---

[6] The Court may, nonetheless, still dismiss the Wentworths' claims if it determines that Hedson's counterclaims are frivolous. *See Brown*, 343 F. Supp. 2d at 197-98. However, the Wentworths have failed to show that Hedson's counterclaims lack "an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I am also not persuaded by Wentworths' argument that Hedson would not be prejudiced by a voluntary dismissal because his counterclaims lack merit. Although I previously denied Hedson's motion for summary judgment, (Docket Entry23), that order does not, as the Wentworths argue, "settle[] the issue" with respect to Hedson's retaliation and legal fees counterclaims, let alone his breach-of-lease claim, which was not the subject of the summary judgment decision. A summary judgment decision is not a final decision on the merits, but a finding that there are genuine issues of material fact for trial. Although it appears highly unlikely at this juncture, at the end of the day the finder of fact may determine -- after weighing all the evidence, assessing the credibility of witnesses and drawing whatever inferences it may -- that the Wentworhs' claims are so devoid of merit as to be frivolous and brought in retaliation for the Hedsons' commencement of a housing court action against them. As I wrote in the summary judgment decision, "[t]his is a classic case of 'he said, she said'" and one that certainly must be resolved by a full trial on the merits. (*See* Docket Entry 23 at 16.)

Voluntary dismissal is also precluded for a practical reason as well. Hedson's retaliation and attorney's fees claims are wholly dependent upon the same evidence that will be required for adjudication of the Wentworths' discrimination claims. In other words, even if the Court were to dismiss the Wentworths' claims, the Court would still require the Wentworths to set forth evidence as though their claims were active and viable. The Wentworths argue that such an adjudication does not require a trial by jury. (Docket Entry 25 at 2.) Even assuming that this argument is valid, the Court would nonetheless require both parties to bring forth evidence and witnesses to determine the merits of the Wentworths' discrimination claims. Therefore, under the discretionary factors, the Wentworths' reasoning seems inadequate to justify dismissal.

5

For the foregoing reasons, the Wentworths' motion for voluntary dismissal is denied.

**SO ORDERED.**

**Dated:**     **January 15, 2008**
                **Brooklyn, New York**

                                                */s/ Ramon E. Reyes, Jr.*
                                                **Ramon E. Reyes, Jr.**
                                                **United States Magistrate Judge**