**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

JORDAN WENTWORTH and DAVID
WENTWORTH,

                     Plaintiffs,

        - against -

WILLIAM HEDSON as Executor of the Estate
of EILEEN HEDSON, deceased, and WILLIAM
HEDSON,

                     Defendants.

-----------------------------------------------------------X

**OPINION AND ORDER**

06-CV-3373 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      This case is scheduled for trial on February 4, 2008. Familiarity with the facts, applicable

law and procedural history of this case on the part of the reader is assumed. *See Wentworth v.*

*Hedson*, 493 F. Supp. 2d 559 (E.D.N.Y. 2007); *Wentworth v. Hedson*, -- F.R.D. --, 2008 WL

125015 (E.D.N.Y. Jan. 15, 2008). The issue has arisen as to which of the claims and

counterclaims must be tried by the jury. The parties have conferred and have agreed that all

claims and counterclaims should go to the jury. (*See* Docket Entry 33.) The Court, however, is

not so convinced.

      While it is clear that plaintiffs' discrimination claims and defendants' breach-of-the-lease

counterclaim are properly tried to the jury,[1] it is not so clear that defendants' separate

---

[1] *See* FED. R. CIV. P. 38 (jury trial of right); *Curtis v. Loether*, 415 U.S. 189, 192 (1974)
(on a claim for damages under the Fair Housing Act, either party is entitled, under the Seventh
Amendment, to demand a jury trial); *Patterson v. Coughlin*, 905 F.2d 564, 570-71 (2d Cir. 1990)
(party may rely on adversary party's assertion of right to jury trial); *Azoulay v. Cassin*, 103
A.D.2d 836, 836, 478 N.Y.S.2d 366, 367 (2d Dept. 1984) (whether a contract was breached is
triable by jury upon proper demand); N.Y. CPLR § 4101(1) (issues of fact in an action for a
money judgment to be tried by a jury).

counterclaims for attorneys' fees, costs and sanctions based on the purported filing of a frivolous and retaliatory lawsuit should be decided by the jury. Defendants have brought these claims alternatively under Rule 11 of the Federal Rules of Civil Procedure, paragraph 27 of the lease and 42 U.S.C. § 3613(c)(2). (Docket Entry 9 ¶¶ 67-73, 74-76.)

There is no private right of action under Rule 11. *See Port Drum Co. v. Umphrey*, 852 F.2d 148, 149 (5th Cir. 1988) (no private right of action under Rule 11); *see also Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 553 (1991) (Rule 11 does not create a federal common law claim of malicious prosecution). Therefore, defendants' eighth affirmative defense and second counterclaim cannot go to the jury. The Court, however, remains free to issue Rule 11 sanctions at its discretion. *See Sassower v. Field*, 973 F.2d 75, 79-80 (2d Cir 1992), *cert. denied*, 507 U.S. 1043 (1993) (upholding Rule 11 sanctions against plaintiffs who brought Fair Housing Act claim that trial judge found to be unusually vexatious). The Court withholds judgment on whether to impose Rule 11 sanctions until after the jury makes its fact determinations about the parties' claims and counterclaims.

Defendants are also not entitled to submit to the jury their claim for attorneys' fees based on the parties' lease. Paragraph 27 of the lease clearly provides that "[t]he successful party in a legal action or proceeding between Landlord and Tenant *for non-payment of rent or recovery of possession of the Apartment* may recover reasonable legal fees and costs from the other party." (Docket Entry 6, Ex. 5 at 2 (emphasis added).) Neither the claims nor counterclaims is for non-payment of rent or recovery of possession of the Apartment (*see* Docket Entries 1 and 9), and therefore there is no legal or factual basis for this claim to go to the jury. Thus, defendants' ninth

affirmative defense and third counterclaim should be dismissed to the extent it is based on the parties' lease.

There is also no basis to submit to the jury defendants' attorneys fees claim under the Fair Housing Act. Indeed, 42 U.S.C. § 3613(c)(2), upon which defendants rely, clearly provides that "[i]n a civil action under [the Fair Housing Act], *the court*, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." (Emphasis added). Thus, whether and to what extent defendants or plaintiffs are entitled to attorneys' fees and costs will be decided by the Court. *Sassower.* 973 F.2d 75 at 79 (holding that fee-shifting is permitted under the Fair Housing Act where prevailing defendant shows that suit is frivolous, unreasonable or without foundation) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). As with the issue of Rule 11 sanctions, the Court withholds judgment on the issue of fee-shifting until after the jury makes its fact determinations about plaintiffs' claims.

For the foregoing reasons, plaintiffs' discrimination claims and defendants' breach-of-the-lease counterclaim will be decided by the jury. Defendants' counterclaim for attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2) will be decided by the Court. Defendants' eighth affirmative defense and second counterclaim is dismissed, and defendants' ninth affirmative defense and third counterclaim is dismissed to the extent that it is based on the parties' lease.

**SO ORDERED.**

**Dated:**     **January 28, 2008**
               **Brooklyn, New York**

*Ramon E. Reyes, Jr.*

**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**