UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORDAN WENTWORTH and DAVID
WENTWORTH,

                        Plaintiffs,

            - against -

WILLIAM HEDSON as Executor of the Estate
of EILEEN HEDSON, deceased, and WILLIAM
HEDSON,

                       Defendants.
------------------------------------------------------------X

**OPINION AND ORDER**

06-CV-3373 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

This Fair Housing Act case was tried to a jury beginning on February 4, 2008.[1] After three days of trial, the jury returned a verdict in favor of defendants both on plaintiffs' claims, and on defendants' nuisance counterclaim. The jury awarded each defendant $1 in damages on the counterclaim against each of the plaintiffs individually. Before the Court is defendants' motion for attorney's fees pursuant to the Fair Housing Act, 42 U.S.C. § 3613(c)(2) and the parties' written lease. For the reasons discussed below, the motion is denied.

Attorney's Fees Under The Fair Housing Act Are Not Warranted

The Fair Housing Act provides that a court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). For a prevailing defendant to be entitled to attorney's fees under the Fair Housing Act, it must establish that the plaintiff's action was "frivolous, unreasonable, or without

---

[1] Familiarity with the facts, applicable law and procedural history on the part of the reader is assumed. *See Wentworth v. Hedson*, 493 F. Supp. 2d 559 (E.D.N.Y. 2007); *Wentworth v. Hedson*, -- F.R.D. --, 2008 WL 125015 (E.D.N.Y. Jan. 15, 2008).

foundation." *Sassower v. Field*, 973 F.2d 75, (2d Cir. 1992) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). That simply is not that case here. A recitation of all of the evidence adduced at trial and why it warrants the denial of defendants' motion is unnecessary. Suffice it to say that having presided over this case since July 13, 2006, having denied defendants' motion for summary judgment, and having sat through three days of testimony, I can conclude with certainty that there is no basis upon which to award defendants their attorney's fees.[2]

Defendants are correct that this case turned on issues of credibility and inferences to be drawn from timing of certain events. (Docket No. 40 at 3). But that coupled with a jury verdict in their favor does not entitle defendants to attorneys fees; it simply does not establish that plaintiffs' case was frivolous. While defendants are correct that the plaintiffs' credibility on certain issues was called into question, so was defendants. Thus, contrary to defendants arguments, plaintiffs' case did not constitute "an unmitigated tissue of lies" as in *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976). And while defendants are also correct that the evidence established that they never made any racial slurs or other *overt* statements "that carried any racial overtone," *id.* at 3-4, that is irrelevant, *Soules v. HUD*, 967 F.2d 817, 825 (2d Cir. 1992) (overt racial slurs not necessary to prove housing discrimination). Therefore, the jury

---

[2] At the outset, defendants conveniently ignore the fact that I denied their motion for summary judgment, finding that plaintiffs had established a prima facie case and raised genuine issues of material fact that necessitated a trial. (Docket No. 40 at 3 (arguing that plaintiffs did not make out a prima facie case)); 493 F. Supp. 2d at 567-68. Although the denial of a motion for summary judgment does not, without more, preclude as a matter of law a finding that a case is frivolous, it goes a long way toward doing so.

verdict in defendants' favor does not mean that "per force" "the jury found plaintiff's [sic] case to be groundless and without foundation." (Docket No. 40 at 3).[3]

Defendants also mistakenly rely on the purportedly "vague" testimony Djed Wade and Alison Cashie, two black visitors to the Wentworths' apartment, as evidence that plaintiffs' case was frivolous. *Id.* at 4-5. Defendants argue that Mr. Wade and Ms. Cashie were unable to articulate credibly or sufficiently how Mr. Hedson's interactions with them, including him slamming the door in their faces, "carried any racial overtone." *Id.* at 4. Even considering their testimony in isolation, defendants' arguments are way overblown. Both Wade and Cashie testified how they felt when they were treated rudely by Mr. Hedson, and more importantly why they considered the treatment to be discriminatory. Neither Wade nor Cashie appeared to be overly sensitive to issues of race discrimination, and both were articulate and appeared credible. More importantly, when the their testimony is considered along with that of Erica Slack, a white student of Mrs. Wentworth's, the purported "racial overtones" of Mr. Hedson's actions toward Wade and Cashie become clear. Slack testified that she visited the Wentworth's apartment for voice lessons, interacted with Mr. Hedson, and he did not slam the door in her face and was in no way rude to her. The differing treatment Wade and Cashie received could be considered evidence that Hedson's actions were motivated by race. Although the jury apparently did not

---

[3] I have considered all of defendants other factual and legal arguments regarding Fair Housing Act attorney's fees, and find them to be unconvincing. Particularly, there is no merit whatsoever to the argument that plaintiffs' Fair Housing Act claims are frivolous because they did not litigate them in the context of the underlying New York City Housing Court proceeding. (Docket No. 40 at 5). The Housing Court lacks jurisdiction to grant the plaintiffs the relief they requested herein – money damages. Thus, even if the Housing Court would have granted plaintiffs injunctive relief, the plaintiffs would have been free to come to this Court and seek money damages for violation of the Fair Housing Act..

believe so, that does not mean that the Wentworths' claims were frivolous.

Overall, plaintiffs' case was built almost entirely on circumstantial evidence, inference, and credibility determinations, which is often the case when there are no overt racial slurs or other glaringly discriminatory conduct. While the jury decided that plaintiffs failed to carry the day by a preponderance of the evidence, the evidence plaintiffs adduced at trial was not so minimal or patently false as to require a finding that their claims were frivolous, unreasonable, or without foundation as a matter of fact or law.

The Lease Does Not Provide A Basis for Attorney's Fees

The parties' lease provides that "[t]he successful party in a legal action or proceeding . . . *for non-payment of rent or recovery of possession* of the Apartment may recover reasonable legal fees and costs from the other party." (Docket No. 6, Exhibit 5, ¶ 27 (emphasis supplied)). Relying on two cases from New York state courts, defendants argue somewhat confusedly that, at a minimum, the lease provision should be construed broadly to permit recovery of attorney's fees because they were the prevailing parties on the nuisance counterclaim. (Docket No. 40 at 7-9).[4] That argument must be rejected.

This case, and in particular the counterclaim, had nothing to do with non-payment of rent. Further, the issue of recovery of possession of the apartment was settled voluntarily on July 20, 2006, during the preliminary injunction hearing. (Minute Entry dated 7/20/06). Moreover, the

---

[4] I find the cases upon which defendants rely, *Bunny Realty v. Miller*, 180 A.D.2d 460, 579 N.Y.S.2d 952 (1st Dep't 1992) and *490 Owner's Corp. v. Israel*, 189 Misc.2d 34, (729 N.Y.S.2d 819 (App. Term 2d Dep't 2001), to be inapposite. The attorney's fees provisions in the leases in both of those cases were much more broad than here, and arguably covered the causes of action at issue therein. Thus, I decline to construe the lease provision here as broadly as defendants suggest.

settlement agreement provided that the *Wentworths* would remain in possession of the apartment until the *expiration* of the lease. (Docket No. 10, ¶ 1). Thus, if there was a "prevailing party" on the issue of possession of the apartment, it was the Wentworths and not the Hedsons.[5] Further, the proceedings subsequent to the preliminary injunction had nothing whatsoever to do with recovering possession of the apartment. In particular, the counterclaim was exclusively for money damages as the Wentworths had already moved out of the apartment.

CONCLUSION

For the foregoing reasons, defendants' motion for attorney's fees is denied.

**Dated:** **March 7, 2008**
**Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[5] Relying on *Gaisi v. Gaisi*, __ N.Y.S.2d __, 2008 WL 525999 (2d Dep't Feb. 26, 2008), the Wentworths argue that the Hedsons did not expressly reserve their right in the settlement agreement to seek attorneys fees for regaining possession of the apartment at the expiration of the lease, and therefore that right was waived. I find it unnecessary to address that argument as the Hedsons clearly were not the prevailing parties in terms of recovery of possession of the apartment.